**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**MICHAEL FRISCHKORN**
Frischkorn Law LLC
Fortville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

FILED
Dec 19 2012, 9:15 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TONI L. WOODS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A05-1204-CR-203 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable David A. Happe, Judge
Cause No. 48D04-0903-FD-112

**December 19, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

## Case Summary

While Toni L. Woods was serving probation for her criminal confinement and battery convictions, a woman accused her of stealing her purse from a bench outside a mental health facility. The State filed a notice of probation violation against Woods, and the trial court held a probation revocation hearing. The victim failed to appear at the hearing despite being subpoenaed, and the responding officer testified regarding statements that the victim had made to him at the scene immediately following the incident. Woods objected on hearsay grounds, and the trial court admitted the testimony. When the State requested bifurcation and a continuance in order to secure the victim's attendance, Woods objected. The trial court sustained the objection and found that the State had established by a preponderance of evidence that Woods violated her probation by committing criminal conversion. The court remanded Woods to the Department of Correction ("DOC") to serve half of her previously suspended sentence.

Woods now appeals, claiming that the trial court abused its discretion in admitting the officer's hearsay testimony and that she was denied her constitutional right to confrontation. Finding no abuse of discretion and finding that she waived the right to confrontation issue, we affirm.

## Facts and Procedural History

In July 2009, Woods pled guilty to class D felony criminal confinement and class A misdemeanor battery for acts that she committed against another inmate while incarcerated in the Madison County jail. The trial court sentenced her to concurrent thirty-six-month and twelve-month terms, to run consecutive to a sentence that she was serving under another cause number. The trial court suspended thirty months of Woods's sentence to probation, subject to standard probation conditions that included a prohibition against committing another offense.

In January 2012, the State filed a notice of probation violation against Woods, alleging that she had committed criminal conversion by stealing Denise Knopp's purse from a bench in front of a mental health facility. Knopp was subpoenaed to testify at Woods's probation revocation hearing but failed to appear. At the hearing, the State sought to elicit testimony from Anderson Police Officer Jeff Neal concerning statements that Knopp had made to him as the responding officer on the scene. Woods objected on hearsay grounds, and the trial court allowed the State to lay a foundation for the testimony. Officer Neal testified that he was the officer who had responded to Knopp's report and that he had arrived on the scene in uniform and taken Knopp's statement. The trial court found that Knopp's statements bore sufficient indicia of reliability because Knopp knew that she was making a report to a police officer when she gave her statement to him at the scene.

Officer Neal then testified at length concerning the incident. He stated that he arrived on the scene in response to Knopp's report that her purse had been stolen from a bench in front of the Aspire mental health center. Knopp told Officer Neal that she was sitting alone on a bench outside Aspire talking on her cell phone when a black woman approached her and asked to use her phone. Knopp told her "no" and continued her phone conversation, standing up and taking a few steps away from the bench as she spoke. Tr. at 9-10. Moments later, she turned around and discovered that her purse and the woman were gone. Knopp gave Officer Neal a physical description of the woman and stated that there had been no one else in the vicinity besides herself and the woman. When Officer Neal went inside to ask Aspire employees about the woman, he discovered that the woman's name was Woods and was told that she had been loitering in the building and had attempted to steal cigarettes from construction workers inside the building.

Before the hearing ended, the State requested a bifurcation of the proceedings and a continuance to try to secure Knopp's attendance. Woods objected, and the trial court denied both of the State's requests. Immediately thereafter, the trial court made a finding that the State had proven by a preponderance of the evidence that Woods had violated her probation by committing criminal conversion of Knopp's purse. The trial court ordered that Woods serve fifteen months of her previously suspended sentence in the DOC and that she be returned to probation for the remainder of her suspended sentence. Woods now appeals. Additional facts will be provided as necessary.

**Discussion and Decision**

4

Woods contends that the trial court abused its discretion in admitting Officer Neal's hearsay testimony.[1] We use an abuse of discretion standard when reviewing a trial court's decision to admit or exclude evidence in a probation revocation hearing. *Figures v. State*, 920 N.E.2d 267, 271 (Ind. Ct. App. 2010). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. *Id*.

Indiana's Rules of Evidence, including those governing hearsay, do not apply in probation revocation hearings. *Robinson v. State*, 955 N.E.2d 228, 232 (Ind. Ct. App. 2011). To offer hearsay evidence at a probation revocation hearing, the State must demonstrate "good cause" for utilizing the hearsay, which means that the hearsay "bears substantial guarantees of trustworthiness." *Id*. This requires that the trial court evaluate the hearsay evidence for sufficient indicia of reliability. *Id*. "Ideally, the trial court should explain on the record why the hearsay is reliable and why that reliability is substantial enough to supply good cause for not producing live witnesses." *Id*. (citation and quotation marks omitted).

Here, the State sought to elicit testimony from Officer Neal concerning Knopp's statements to him at the scene. Woods objected on hearsay grounds, and the trial court

---

[1] Woods also contends that she was denied her constitutional right to confront Knopp. However, we find that she waived the confrontation issue for appeal by failing to object on that basis during the hearing. A defendant may not raise one ground for objection at trial and a different ground on appeal. *Small v. State*, 736 N.E.2d 742, 747 (Ind. 2000). *See also Perry v. State*, 956 N.E.2d 41, 51 (Ind. Ct. App. 2011) ("An evidentiary objection based only on the rules of evidence is insufficient to preserve a claim of right to confrontation."). Waiver notwithstanding, we find that Woods invited any error on the confrontation issue by objecting to the State's request for bifurcation of the proceedings in order to secure Knopp's attendance and elicit testimony directly from her. *See Stewart v. State*, 945 N.E.2d 1277, 1285 (Ind. Ct. App. 2011) (emphasizing that under the invited error doctrine, a party may not take advantage of error she commits or invites), *trans. denied*.

offered the State the opportunity to voir dire Officer Neal to lay a foundation for the hearsay testimony. Officer Neal testified that he spoke to Knopp at the scene immediately after she had called to report the incident, that she gave him her account of the alleged theft, and that he was in uniform and readily identifiable as a police officer. The trial court then explained on the record why it found Knopp's statements to be reliable:

> THE COURT: All right. Based on the foundation that's been laid, I do find there are adequate indicia of reliability here. This is a person [Knopp] who had made a report of a crime, was speaking to an identified law enforcement officer, which would make her statements subject to penalties for false reporting had she been providing untruthful information. Therefore, over the hearsay objection, I will allow the witness to testify about those statements.

Tr. at 9. Once the foundation was established, Officer Neal testified at length concerning his interaction with Knopp, Knopp's statements to him, and his investigation at the scene. In short, the record supports the trial court's finding of sufficient trustworthiness of the hearsay statements. The remainder of Woods's arguments essentially amount to a sufficiency of evidence challenge, which she does not raise as an issue and which precludes us from reweighing evidence. *Sutton v. State*, 689 N.E.2d 452, 454 (Ind. Ct. App. 1997). We find no abuse of discretion here. Accordingly, we affirm.

Affirmed.

RILEY, J., and BAILEY, J., concur.

6