**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 19 2013, 7:07 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**KIMBERLY A. JACKSON**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW FALK**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| WADE R. MEISBERGER, )<br>)<br>Appellant-Defendant, )<br>)<br>vs. )<br>)<br>STATE OF INDIANA, )<br>)<br>Appellee-Plaintiff. ) | No. 53A05-1208-CR-452 |

APPEAL FROM THE MONROE CIRCUIT COURT
The Honorable Mary Ellen Diekhoff, Judge
Cause No. 53C05-9108-CF-457

**June 19, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Wade R. Meisberger ("Meisberger") had been convicted of Murder, a Felony, and Auto Theft, a Class D felony, and was serving a suspended sentence[1] through supervised probation in Monroe County. Meisberger's probation officer ultimately filed a petition to revoke the suspended sentence. After a hearing, the trial court concluded that Meisberger had violated the terms of his probation, revoked his probation, and ordered that he serve the remainder of his sentence as executed time in the Department of Correction. He now appeals.

We affirm.

**Issues**

Meisberger presents four issues for our review, which we restate as:

I.   Whether he knowingly, intelligently, and voluntarily waived his right to counsel during the probation revocation proceedings;

II.  Whether the trial court erroneously admitted certain evidence during the probation revocation hearing;

III. Whether there was sufficient evidence from which the trial court could conclude that Meisberger violated the terms of his probation; and

IV.  Whether the trial court abused its discretion when it revoked the entirety of Meisberger's suspended sentence and ordered him to serve the remainder as executed time.

**Facts and Procedural History**

On May 5, 1993, in Monroe County, Meisberger was convicted of Murder and Auto Theft and sentenced to an aggregate term of imprisonment of forty-eight years. We affirmed

---

[1] Eighteen years of his aggregate forty-eight year sentence had been suspended.

2

his conviction upon direct appeal. See Meisberger v. State, 640 N.E.2d 716 (Ind. Ct. App. 1994), trans. denied.

On March 31, 1998, Meisberger filed a petition for post-conviction relief. On March 18, 1999, the post-conviction court entered an agreed order whereby the State agreed to a modification of Meisberger's sentence to permit suspension of the final eighteen years of his forty-eight-year sentence to supervised probation. Also pursuant to the agreed order, Meisberger moved to dismiss his petition for post-conviction relief.

On September 7, 2007, Meisberger was released from imprisonment in the Department of Correction and began serving his eighteen-year term of supervised probation through the Monroe County Probation Department. Meisberger was authorized to reside in Madison, Jefferson County, was eventually permitted to engage in probation with monthly phone reporting while in Madison, and was permitted to travel for purposes of employment, including working for Hyundai dealerships in Louisville and Florence, Kentucky. By sometime in May 2012, Meisberger was living in Indianapolis and was reporting to the Marion County Probation Department.

On May 20, 2012, the State filed a Petition to Revoke Suspended Sentence ("the Petition"). In the Petition, the State alleged that Meisberger had violated the terms of his probation by failing to notify the Marion County Probation Department and, through it, the Monroe County Probation Department, of a change of residence. The State also alleged that Meisberger had violated the terms of his probation by failing to appear for scheduled meetings with probation officers.

On July 31, 2012, the State filed a First Amended Petition to Revoke Probation ("First Amended Petition"). The First Amended Petition set forth an additional allegation of violation of probation, namely, that Meisberger had committed Auto Theft, as a Class D felony, in Johnson County. Attached to the First Amended Petition was an affidavit of probable cause executed by Officer Brain T. Swisher ("Officer Swisher") of the Greenwood Police Department.

On August 6, 2012, the trial court held a hearing on the Petition and First Amended Petition. At the beginning of the hearing, Meisberger was represented by counsel previously appointed for him by the trial court, though Meisberger had expressed a desire to proceed pro se. Meisberger and his appointed counsel disagreed on whether the court should grant a motion to continue the probation revocation hearing to another date: Meisberger wanted to move forward pro se with the hearing that day, while counsel wished to continue the hearing in order to obtain witness testimony and to more adequately respond to allegations in the First Amended Petition.

After assuring itself that Meisberger intended to proceed pro se, the trial court granted counsel's motion to withdraw from representing Meisberger and conducted the remainder of the probation revocation hearing. During the hearing, Susan Allen ("Allen"), an Officer Supervisor with the Monroe County Probation Department ("the Probation Department"), testified concerning the allegations in the Petition and First Amended Petition. During Meisberger's cross-examination of Allen, Meisberger elicited testimony from Allen that recounted the contents of a phone conversation the Probation Department had with a

4

Corporal Baker at the Madison (Indiana) Police Department concerning Corporal Baker's assessment of Meisberger's progress during the course of his probation.

Also during the probation revocation hearing, Meisberger objected to the admission of the probable cause affidavit that had been attached to the First Amended Petition. The trial court overruled this objection.

At the hearing's conclusion, the trial court found that Meisberger had violated the terms of his probation, and ordered the remainder of his term executed in the Department of Correction.

This appeal ensued.

## Discussion and Decision

### Standard of Review

Meisberger challenges the trial court's revocation of his probation. Our general standard of review in such cases is well established. Probation is a favor granted by the State, not a right to which a defendant is entitled. Butler v. State, 951 N.E.2d 255, 259 (Ind. Ct. App. 2011). Though a defendant is entitled to due process in a probation revocation proceeding, he is not entitled to all the rights he enjoyed before the underlying criminal conviction, such as the applicability of the rules of evidence or an elevated burden of proof. Id. A defendant is, however, entitled to certain due process protections, including the right to confront witnesses, right to cross-examine witnesses, and right to representation of counsel. Ind. Code § 35-38-2-3(e); Butler, 951 N.E.2d at 259. There must also be substantial evidence of probative value from which the trial court could determine based upon a

5

preponderance of the evidence that the defendant violated the terms of his probation. <u>Figures v. State</u>, 920 N.E.2d 267, 272 (Ind. Ct. App. 2010).

<u>Waiver of Right to Counsel</u>

Challenging the revocation of probation, Meisberger first contends that he was denied his right to due process of law because the trial court did not properly determine that he knowingly, intelligently, and voluntarily waived his right to counsel during the revocation hearing.

When a defendant proceeds without counsel in a probation revocation proceeding, the record must reflect that he knowingly, intelligently, and voluntarily waived the right to counsel. <u>Hammerlund v. State</u>, 967 N.E.2d 525, 527 (Ind. Ct. App. 2012) (citing <u>Butler</u>, 951 N.E.2d at 259-60). "There are no magic words a judge must utter to ensure a defendant adequately appreciates the nature of the situation." <u>Kubsch v. State</u>, 866 N.E.2d 726, 736 (Ind. 2007). Rather, whether waiver of counsel is knowing, intelligent, and voluntary "depends on the 'particular facts and circumstances surrounding [the] case, including the background, experience, and conduct of the accused.'" <u>Id.</u> (quoting <u>Johnson v. Zerbst</u>, 304 U.S. 458, 464 (1938)).

In <u>Kubsch</u>, our supreme court reiterated its adoption of the four-factor test set forth by the Seventh Circuit for purposes of appellate review of waiver of counsel in criminal cases:

> We consider four factors: "'(1) the extent of the court's inquiry into the defendant's decision, (2) other evidence in the record that establishes whether the defendant understood the dangers and disadvantages of self-representation, (3) the background and experience of the defendant, and (4) the context of the defendant's decision to proceed <u>pro se</u>.'" <u>Poynter v. State</u>, 749 N.E.2d 1122,

6

1127–28 (Ind. 2001) (quoting United States v. Hoskins, 243 F.3d 407, 410 (7th Cir. 2001)).

Id. This Court has relied upon Kubsch in reviewing appeals related to the waiver of counsel in probation revocation proceedings. See, e.g., Butler, 951 N.E.2d at 259 (concluding waiver of counsel was knowing, intelligent, and voluntary); Eaton v. State, 894 N.E.2d 213, 218 (Ind. Ct. App. 2008) (concluding counsel was not waived and the defendant was not adequately advised as to the consequences of waiver), trans. denied.

We review de novo a trial court's finding that a defendant has waived his right to counsel. Butler, 951 N.E.2d at 260.

Here, Meisberger contends that his waiver of counsel was not made knowingly, intelligently, and voluntarily. In support of his argument, Meisberger points to the nature of the trial court's advisements concerning the perils of proceeding pro se, the purported absence of any inquiry into his experience with the legal system, the absence of an initial hearing on the First Amended Petition, and the absence of a separate inquiry by the trial court into his psychological condition. When we apply the four-factor test set forth above, we cannot agree with Meisberger's argument on appeal.

During both the initial hearing on the Petition and the probation revocation hearing on the First Amended Petition, Meisberger insisted that he wished to proceed pro se. Despite this, the trial court appointed counsel for him after the initial hearing on the Petition. During the probation revocation hearing, Meisberger continued to insist that he wished to proceed pro se despite several warnings from the trial court that there were significant advantages to accepting appointed counsel. Meisberger insisted in response that he had represented himself

7

on numerous prior occasions, and characterized the probation revocation hearing as "pretty much cut and dry [sic]." (Tr. at 6.) Even after this, the trial court continued to inquire of Meisberger whether he was sure he wished to move forward without representation. The court granted Meisberger's request and his counsel's motion to withdraw only after Meisberger was able to consult separately with counsel concerning a decision to proceed pro se and after several additional warnings and inquiries from the court.

Further, Meisberger seeks to minimize the extent of his prior experiences with the legal process. Our review of the record reveals that Meisberger has conducted significant motion practice pro se, including petitions for various forms of credit time, post-conviction relief, and a habeas corpus proceeding. During the revocation hearing, Meisberger objected to the admission of evidence and cross-examined the State's witness. While he claims error in the absence of an initial hearing on the First Amended Petition, Meisberger does so despite his testimony during the revocation hearing that he had seen and understood the First Amended Petition.

Finally, while Meisberger claims the trial court erred when it did not inquire into his mental state at the time of the revocation hearing, he disregards his statements to the trial court during the initial hearing that his psychological diagnoses did not affect his ability to understand the proceedings and act on his own behalf. Moreover, we see nothing in the record of the proceedings that indicate that his mental health actually did impair his self-representation during the revocation hearing, including the decision to proceed pro se.

We therefore conclude that the trial court did not err when it granted Meisberger's

8

waiver of his right to counsel during the probation revocation hearing.

## Admissibility of Evidence

We turn next to Meisberger's claim that the trial court erroneously admitted into evidence certain hearsay statements.

Meisberger directs our attention to three items of hearsay that he claims were erroneously admitted into evidence during the probation revocation proceeding. The first item Meisberger identifies is the probable cause affidavit executed by Officer Swisher, which set forth facts related to a charge against Meisberger for Auto Theft; Meisberger objected to the admission of this affidavit, and the trial court overruled his objection. The second item Meisberger identifies as hearsay is testimony offered by Allen concerning her notes in Meisberger's probation department file from his probation officer, Christy Scheid ("Scheid"), concerning missed probation appointments and information that charges had been filed against Meisberger in Johnson County; Meisberger did not object to these statements. The third item Meisberger complains of are hearsay statements contained within testimony he elicited from Allen during his cross-examination of her during the hearing; Meisberger also did not object to the admissibility of that testimony.

For its part, the State responds that each of these were admissible under the substantial trustworthiness test, that the probable cause affidavit was not admitted into evidence and was irrelevant to the trial court's reasoning in revoking Meisberger's probation, and that any error was not prejudicial because Meisberger's own statements during the hearing establish that he violated the terms of his probation.

"The due process right applicable in probation revocation hearings allows for procedures that are more flexible than in criminal prosecution." Reyes v. State, 868 N.E.2d 438, 440 (Ind. 2007) (citing, inter alia, Morrissey v. Brewer, 408 U.S. 471, 489 (1972)). Thus, evidence may be deemed admissible for the purposes of probation revocation proceedings that would not be admissible during a criminal trial. Id.; also Ind. Evidence Rule 101(c)(2) (providing that, except for rules concerning privilege, the Rules of Evidence do not apply in numerous criminal-related proceedings, including those dealing with probation revocation).

As our supreme court noted, however, "[t]his does not mean that hearsay evidence may be admitted willy-nilly." Reyes, 868 N.E.2d at 440. Because the right to confront accusers still applies to defendants in probation revocation proceedings, albeit in a less stringent form than in a criminal trial, we apply the "substantial trustworthiness" test to determine whether hearsay evidence is admissible during a probation revocation hearing. Id. at 441. The substantial trustworthiness test requires that the State demonstrate "good cause" for using hearsay rather than live testimony during a probation revocation proceeding. Robinson v. State, 955 N.E.2d 228, 232 (Ind. Ct. App. 2011). The good cause requirement is met so long as the hearsay bears substantial guarantees of trustworthiness. In reaching such a determination, the trial court must "evaluate the reliability of the hearsay evidence" and, ideally, "explain on the record why the hearsay is reliable and why that reliability is substantial enough to supply good cause for not producing live witnesses." Id. (citing Reyes, 868 N.E.2d at 441-42).

Where a party fails to object to evidence, we must determine whether any alleged error was fundamental. Fundamental error occurs when an error constitutes a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant the fundamental guarantees of due process. Carden v. State, 873 N.E.2d 160, 164 (Ind. Ct. App. 2007). And even where an error in the admission of evidence has been made—whether or not sufficient objection was raised to its admission—we will not reverse the trial court where the error was harmless. Ind. Trial Rule 61.

We turn first to Meisberger's contention that the probable cause affidavit was erroneously admitted into evidence. Meisberger and the State differ as to whether the affidavit was properly admitted into evidence. As the State observes, however, the trial court did not rely on the probable cause affidavit in reaching its decision to revoke Meisberger's probation. Indeed, the trial court agreed with Meisberger's contentions that the charges against him were unresolved. The court instead concluded that Meisberger had failed to comply with probation conditions concerning timely reporting of changes in residence and appearance for appointments with his probation officer. Regardless of whether the probable cause affidavit was admitted, and whether its admission was in error, Meisberger has not demonstrated any harm as a result of such a ruling. We need not—and therefore do not—decide whether the affidavit satisfied the requirements of the substantial trustworthiness test.

We next address Meisberger's claim that the trial court erred when it admitted into evidence hearsay statements Scheid made to Allen concerning Meisberger's compliance with the terms of his probation. Allen repeated these statements in her testimony, and Meisberger

11

did not object to their admissibility during the revocation hearing. Meisberger must therefore not only demonstrate that Scheid's hearsay statements as reported by Allen were not substantially trustworthy, but also that he was so prejudiced by their admission into evidence that this denied him fundamental due process protections.

Meisberger cannot satisfy this burden. For regardless of whether Scheid's statements as conveyed by Allen were substantially trustworthy, Meisberger cannot establish prejudice from these statements because of his own admissions during his testimony. Specifically, Meisberger testified that he had tried to "get back on [his] feet" after a job loss, but did not attend an appointment with Scheid after receiving a notice of a technical violation because "I just didn't want to go back to prison," and he did not trust Scheid. (Tr. at 36.) Meisberger further stated that, "[n]one of this would have ever happened […] if you guys wouldn't have been so hard on me…. Yeah, I violated my probation, I didn't show up because I was scared because for whatever reason [Scheid] wanted me back in prison." (Tr. at 36.) Later, Meisberger stated that "I'm not saying that I'm not guilty of violating the conditions of my probation. Yes, I did do that. But there's always two sides to every story…." (Tr. at 45-46.) Based upon this testimony, we cannot conclude that any error in the admission of hearsay statements by Scheid through Allen's testimony would have been prejudicial to his rights.

We now address Meisberger's final alleged error in the admission of evidence during the probation hearing, hearsay statements from a Corporal Baker of the Madison Police Department. These statements were also conveyed to the trial court through Allen's testimony. Yet here, Meisberger not only did not contest the statements' admissibility—he

12

solicited the introduction of these statements into evidence. As our supreme court has held:

> A party may not invite error, then later argue that the error supports reversal, because error invited by the complaining party is not reversible error. Invited errors are not subject to appellate review. This type of invited error is not fundamental error.

Kingery v. State, 659 N.E.2d 490, 494 (Ind. 1995) (citations omitted). Without regard to whether the testimony Allen offered otherwise would have been admissible, because Meisberger solicited that testimony himself during cross-examination, he cannot now complain of any associated error.

To summarize, then, we find no basis upon which to reverse the trial court's revocation of Meisberger's probation as a result of any claimed error in the admission of evidence during the probation revocation hearing.

### Sufficiency of the Evidence

We turn now to Meisberger's claim that the trial court lacked sufficient evidence from which it could properly revoke his probation.

Whether to revoke a defendant's probation is a matter within the sole discretion of the trial court judge. Woods v. State, 892 N.E.2d 637, 640 (Ind. 2008). We therefore review such decisions for an abuse of discretion, and consider only the evidence most favorable to the judgment. Id. We neither reweigh evidence nor judge the credibility of witnesses, and if there is substantial evidence of probative value to support the trial court's decision that the defendant has violated any of the terms of his probation, we will affirm the decision to revoke probation. Id.

Meisberger advances several arguments in contending that there was insufficient

13

evidence to support the revocation of his probation. First among these is that the trial court improperly took judicial notice of evidence outside the record. Yet, as we have noted above, most of the Rules of Evidence do not apply in probation proceedings, and Meisberger makes no argument that the evidence of which he presently complains was not admissible under the substantial trustworthiness test. Evid. R. 101(c)(2); see discussion, supra. We therefore decline to exclude from our consideration of the sufficiency of the evidence those matters which the trial court took under judicial notice.

Meisberger goes on to identify three bases upon which he claims his probation was revoked, and to identify alleged errors with each. We find one of these dispositive: whether there was sufficient evidence based upon which the trial court could properly revoke Meisberger's probation for failure to report for appointments with the probation department as required by the terms of his probation. Those terms include, in relevant part, a requirement that Meisberger "report as directed to the Probation Department and … truthfully answer all reasonable inquiries." (App. at 490.)

Testimony from Allen concerning probation department records, the admissibility of which Meisberger contests on appeal, indicates that Meisberger failed to return telephone calls concerning an item of mail to his address that was returned as undeliverable by the post office. Further, during his own testimony Meisberger acknowledged failing to appear for probation appointments because he did not want to return to jail. Meisberger also admitted to having violated the terms of his probation. Rather than dispute whether he had done so, Meisberger instead proffered explanations for his conduct—namely, that Scheid was trying to

ruin him and the probation system was unfair—that the trial court was within its discretion to deem undeserving of weight.

Because there was sufficient evidence from which the trial court could properly conclude that Meisberger violated the terms of his probation as they related to appearance for appointments with the probation department, we decline to address Meisberger's other two arguments. We find no abuse of discretion in the trial court's revocation of his probation.

### Nature of Sanction

Finally, we turn to Meisberger's challenge to the nature of the sanction the trial court imposed, namely, revoking his probation and ordering that he serve the entire remaining prison sentence as executed time.

Where a trial court revokes a defendant's probation before the expiration of the probationary period, the court may impose one or more of the following sanctions:

(1) Continue the person on probation, with or without modifying or enlarging the conditions.

(2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.

(3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

I.C. § 35-38-2-3(h). As with decisions to revoke probation, the sentencing decision in a probation revocation proceeding is within the sound discretion of the trial court, and we review that decision for an abuse of discretion. Prewitt v. State, 878 N.E.2d 184, 188 (Ind. 2007).

Here, Meisberger contends that the trial court abused its discretion when it ordered

15

that he serve the entirety of his remaining sentence as executed time in the Department of Correction. Meisberger points to his employment since beginning probation, his payment of child support, his compliance with the terms of his probation for four years prior to the present violation, and his "extensive[]"court-authorized travel outside of Indiana as bases from which the trial court should have reached a decision other than its order revoking the entirety of his suspended sentence. (Appellant's Br. at 41.)

We disagree. Meisberger's violation of his probation was not a question of an isolated failure to comply with the terms of his probation. Meisberger intentionally failed to appear for multiple appointments with his probation officer. He left Indianapolis and fled to Madison, posted multiple videos to YouTube over the course of several days in July 2012, and at some point during this period apparently attempted either to fake his own death or to commit suicide by jumping off a bridge. In light of this evidence, we cannot conclude that the trial court abused its discretion when it determined that revoking the entirety of Meisberger's probation was an appropriate sanction for his probation violation. We therefore leave the trial court's order undisturbed.

**Conclusion**

Meisberger's waiver of his right to counsel during the probation revocation hearing was given knowingly, intelligently, and willfully. We find no reversible error in the trial court's evidentiary rulings during the probation revocation hearing. There was sufficient evidence from which the trial court could properly conclude that Meisberger violated the terms of his probation. Finally, the trial court did not abuse its discretion when it required

16

Meisberger, as the sanction for his probation violation, to serve the remainder of his sentence as executed time in the Department of Correction.

Affirmed.

NAJAM, J., and MAY, J., concur.