Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 12 2013, 10:12 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MATTHEW D. ANGLEMEYER**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHELLE BUMGARNER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| ZACHARIAH BROWNIE, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | ) No. 49A04-1301-CR-3 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Robert R. Altice, Jr., Judge
Cause No. 49G02-1201-FC-825

**December 12, 2013**

**DISSENT FROM DENIAL OF PETITION FOR REHEARING**

**BROWN, Judge**

Upon further reflection, I believe this court should reverse the trial court's revocation order and remand for a new revocation hearing.

First, I believe the trial court abused its discretion in admitting into evidence and relying upon the probable cause affidavit prepared by Detective Woods without first determining that the hearsay statements in the affidavit were substantially reliable. In Robinson v. State, the trial court admitted a probable cause affidavit at a revocation hearing. 955 N.E.2d 228, 231 (Ind. Ct. App. 2011). On appeal, this court held that the trial court abused its discretion in admitting the affidavit because it contained multiple levels of hearsay and was thus unreliable evidence. Id. We noted that, while the Indiana Rules of Evidence, including those governing hearsay, do not apply in such proceedings, this "does not mean that hearsay evidence may be admitted willy-nilly in a probation revocation hearing." Id. at 232 (citing Reyes v. State, 868 N.E.2d 438, 440 (Ind. 2007)). In order to admit hearsay evidence at a probation revocation hearing in lieu of live testimony, the State must demonstrate good cause for utilizing the hearsay, and this requirement is met so long as the hearsay bears substantial guarantees of trustworthiness. Id. (citing Reyes, 868 N.E.2d at 441). "The substantial trustworthiness test requires that the trial court evaluate the reliability of the hearsay evidence." Id. (citing Reyes, 868 N.E.2d at 442). We held that, ideally, the trial court should explain on the record why the hearsay is reliable and why that reliability is substantial enough to supply good cause for not producing live witnesses. Id. (citing Reyes, 868 N.E.2d at 442 (quoting United States v. Kelley, 446 F.3d 688, 693 (7th Cir. 2006))).

The trial court in this case based its decision to revoke Brownie's probation in part upon the contents of the probable cause affidavit presented by the State. See Transcript at

2

16 ("Based on State's Exhibit Two [the probable cause affidavit], the Court does find by a preponderance of the evidence that [Brownie] had not only been arrested on a new crime but that he committed that crime by the extensive three page probable cause affidavit."). A number of the facts set forth in the probable cause affidavit constitute double hearsay (facts provided to Detective Woods by Officer Greer, who obtained the statements from the alleged victim). **(See Exhibits at 13-15)** While Detective Woods stated in the affidavit that she confirmed the information in Officer Greer's police report, the police report was not admitted into evidence, and the affidavit does not specify what information was confirmed by Detective Woods or whether any of that information is contained in the probable cause affidavit. **(Exhibits at 15)** Neither Detective Woods nor any other law enforcement officer testified at the revocation hearing. **(See Transcript)** Brownie made a proper hearsay objection which was denied. Moreover, and importantly, the trial court did not explain on the record why any of the hearsay is reliable or substantial enough to supply good cause for not producing live witnesses as contemplated by Robinson. **(See Tr. at 10)** I would find the trial court abused its discretion when it relied upon the contents of the probable cause affidavit to revoke Brownie's probation without first making that determination.

In addition, the trial court based its revocation decision in part upon the fact that Brownie failed "to comply with his domestic violence counseling," noting that it had "made him ninety percent indigent on his fees for this," that "he only had a balance of $154.00 on his fees out of an original $1,545.00 dollars," and that the reduction "would open up monies for him to be able to . . . pay for his domestic violence counseling . . . ." Transcript at 16. Probation may not be revoked for failure to comply with conditions of a sentence that imposes financial obligations on the person unless the person recklessly, knowingly, or

3

intentionally fails to pay. Ind. Code § 35-38-2-3(g). In Runyon v. State, the Indiana Supreme Court held that "it is the State's burden to prove both the violation and the requisite state of mind in order to obtain a probation revocation," and that, with respect to the ability to pay, it is the defendant probationer's burden "to show facts related to an inability to pay and indicating sufficient bona fide efforts to pay so as to persuade the trial court that further imprisonment should not be ordered." 939 N.E.2d 613, 617 (Ind. 2010).

In this case, our memorandum decision stated that Brownie failed to show facts relating to his inability to pay and noted that the court "reduced [his] financial obligation by 90% from the overall cost of $1,545.00 down to $154." Brownie v. State, No. 49A04-1301-CR-3, slip op. at 8 (Ind. Ct. App. Aug. 8, 2013). However, to the extent our decision suggested that the overall cost of the financial conditions of Brownie's probation was $154, we were mistaken. This amount did not include the cost of the required counseling sessions, which was approximately $1,820 ($35 per session for fifty-two sessions). **(Tr. at 12-14)** Thus, while our memorandum decision suggested that Brownie was required to pay only $154, he was in fact required to pay $154 plus an additional $1,820. Brownie testified that he was unable to afford the cost of the counseling based upon his disability check and his costs for rent and utilities, and he testified that he had attempted to look for a job and listed the companies where he submitted job applications. **(Tr. at 12-14)** In my view, and in light of this discrepancy, I would find that the trial court abused its discretion to the extent it relied upon Brownie's failure to pay for the counseling sessions in revoking his probation.

For the foregoing reasons, I would grant the petition for rehearing and remand for a new revocation hearing.

4