## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 06 2016, 6:22 am

**C L E R K**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

John T. Wilson
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Arthur Scott, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | December 6, 2016 <br><br> Court of Appeals Case No. <br> 48A05-1605-CR-1152 <br><br> Appeal from the Madison Circuit Court <br><br> The Hon. Thomas Newman Jr., Judge <br><br> Trial Court Cause No. <br> 48C03-1302-FC-457 |

**Bradford, Judge.**

# Case Summary

[1] On February 28, 2013, Appellee-Plaintiff the State of Indiana ("the State") charged Appellant-Defendant Arthur Scott with Class C felony criminal confinement, Class D felony resisting law enforcement, Class A misdemeanor battery resulting in bodily injury, and Class B misdemeanor reckless driving. On April 8, 2013, Scott pled guilty as charged without the benefit of a plea agreement. On April 22, 2013, the trial court sentenced Scott to three years of work release and two years of probation for an aggregate sentence of five years.

[2] On February 10, 2015, an agreement to modify from work release to probation was filed. Scott was released from work release to probation by the court on February 12, 2015. On February 7, 2016, Scott was arrested for battery. On February 12, 2016, the State filed a notice of probation violation. On April 17, 2016, Scott resisted law enforcement as officers were trying to execute an arrest warrant. An amended notice of probation violation was filed on April 20, 2016. On May 2, 2016, the trial court held an evidentiary hearing, after which the trial court found that Scott violated the terms his probation, revoked his probation, and ordered him to serve his sentence with the Department of Correction ("DOC").

[3] Scott raises two issues, which we restate as follows: (1) whether the trial court abused its discretion when it admitted hearsay evidence at Scott's probation-revocation hearing and (2) whether the trial court abused its discretion when it ordered Scott to serve his suspended sentence in the DOC. Concluding that the

trial court did not abuse its discretion when it admitted substantially trustworthy hearsay evidence at the probation revocation hearing and ordered Scott to serve his suspended sentence with the DOC after he violated the terms of his probation, we affirm.

## Statement of the Facts

After Scott pled guilty on April 8, 2013, he was sentenced to work release and probation. As a condition of his probation, among other things, Scott was not supposed to commit any new crimes. Scott started his probation on February 12, 2015.

On February 7, 2016, Anderson Police Officer Andrew Brunett ("Officer Brunett") responded to a dispatch for a battery. When Officer Brunett arrived, he observed Nikki Justice sitting on the curb. Justice appeared to be very upset and her left eye was bruised. As Officer Brunett spoke to Justice, he learned that Justice and Scott had been in an argument in his car when he bit her near her left eye. Justice thought that Scott bit her there "because it was already bruised and she believed that it was done in an effort to conceal any sort of bite marks around the bruising that was already there." Tr. p. 7. Justice indicated that the bite was painful. Scott was subsequently located and arrested for battery. On February 12, 2016, the State filed a notice of probation violation.

On April 17, 2016, Anderson Police Officer Travis Thompson ("Officer Thompson") responded to a dispatch for a warrant to arrest Scott. Officer Thompson was already familiar with Scott. When Officer Thompson located

Scott, he was sitting in the passenger seat of a vehicle. Officer Thompson subsequently initiated a traffic stop and Scott exited the vehicle. Contrary to Officer Thompson's orders to return to the vehicle, Scott fled on foot. Officer Thompson pursued Scott while ordering him to stop. Scott, however, continued to run, at which point Officer Thompson tased Scott in the leg. Even then, Scott tried to pull the probes from his leg and disregarded Officer Thompson's orders to lay on his stomach. Due to Scott's continuous efforts to resist, it took three officers to secure and handcuff Scott. The State subsequently charged Scott with resisting law enforcement.

[7] On April 20, 2016, the State filed an amended notice of probation violation. The State alleged that Scott violated his probation by committing battery, resisting law enforcement, and failing to pay fees. Additionally, the State subpoenaed Justice to testify at the evidentiary hearing, but she failed to appear. At the evidentiary hearing on May 2, 2016, over Scott's hearsay objection, the trial court admitted Officer Brunett's testimony regarding his conversation with Justice. The trial court subsequently found that Scott had violated his probation by committing battery and resisting law enforcement, revoked his probation, and ordered Scott to serve his previously-suspended sentence in the DOC.

# Discussion and Decision

## I. Admission of Evidence

[8] We review the trial court's decision to admit or exclude evidence in a probation revocation hearing for an abuse of discretion. *Robinson v. State*, 955 N.E.2d 228, 231 (Ind. Ct App. 2011). We will only reverse if the trial court's decision was "clearly against the logic and effect of the facts and circumstances before it." *Id*.

[9] The Indiana Supreme Court has recognized that "persons facing revocation of their community-corrections placements are entitled to certain due process rights at their revocation hearings, including a right to confrontation." *Smith v. State*, 971 N.E.2d 86, 89 (Ind. 2012). Revocation hearings, however, are not criminal prosecutions and therefore the Confrontation Clause of the Sixth Amendment and *Crawford v. Washington*, 541 U.S. 36 (2004), do not apply. *Id*. Moreover, due to the fact that probation-revocation procedures are to be flexible, strict rules of evidence do not apply. Ind. Evidence Rule 101(d)(2). Consequently, hearsay is admissible at a revocation hearing if the evidence is substantially trustworthy. *Smith*, 971 N.E.2d at 90.

[10] Scott argues that the trial court abused its discretion in admitting Officer Brunett's testimony regarding what Justice told him over his objection on the grounds of hearsay. In a criminal prosecution, such testimony would have been barred by the rules of evidence on the grounds that it constituted hearsay. However, probation-revocation hearings are more flexible and hearsay can be admitted if it is substantially trustworthy. Justice did not appear to testify

despite efforts to subpoena her. Consequently, the trial court allowed Officer Brunett to testify about his conversation with Justice on the night in question. Officer Brunett was dispatched to the scene for a battery. When he arrived, Justice appeared visibly upset and Officer Burnett observed bruising around her left eye. Justice corroborated Officer Brunett's observations when she informed him that Scott had battered her. Moreover, it was in Justice's best interest to be truthful to Officer Brunett because it is illegal to falsely report a crime. Officer Brunett's testimony was under oath and subject to cross-examination. There is no evidence to cast doubt upon the trustworthiness of his testimony.

## II. *Probation Revocation*

[11] Scott also challenges the trial court's order to serve his previously suspended sentence in the DOC. He argues that the trial court should have considered the evidence he presented of an alternative to incarceration.

[12] "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). Scott's sentence was not an abuse of discretion. In addition to the crimes mentioned above, Scott committed a second crime while on probation. According to the evidence, Scott resisted law enforcement on April 17, 2016. It took three officers to secure and handcuff Scott.

[13] The undisputed evidence shows that Scott has committed at least one, if not two, probation violations. The trial court did not abuse its discretion when it ordered him to serve his previously-suspended sentence with the DOC.

[14]   We affirm the trial court's judgment.

Vaidik, C.J., and Brown, J., concur.