## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 27 2017, 8:13 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Thomas G. Godfrey
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Steven Eugene Ewing,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 27, 2017

Court of Appeals Case No.
48A05-1707-CR-1491

Appeal from the Madison Circuit Court.
The Honorable David A. Happe, Judge.
Trial Court Cause No.
48C04-1511-F5-2043

**Shepard, Senior Judge**

[1]     Steven Eugene Ewing appeals the trial court's revocation of his community corrections placement, challenging the court's admission of a police report into evidence.  We affirm.

[2]     In 2015, the State charged Ewing with operating a motor vehicle after forfeiture of license for life, a Level 5 felony. The parties executed a plea agreement, pursuant to which Ewing pleaded guilty and the State agreed the executed part of his sentence would not exceed three years, to be served on community corrections. On December 12, 2016, the court sentenced Ewing to five years, with two and a half years executed through community corrections, and two and a half years suspended to probation.

[3]     On March 15, 2017, community corrections officials filed a notice with the court, claiming Ewing violated the terms of his commitment by carrying out a new criminal offense—battery against a public safety official, a Level 6 felony. The officials further alleged Ewing failed to report to the community justice center as required by the terms of his commitment. They asked the court to revoke Ewing's placement and to order him to serve the balance of his sentence at DOC.

[4]     The State did not present any witnesses at the evidentiary hearing. Instead, the trial court admitted into evidence State's Exhibit 1, a police incident report that described an occurrence in which Ewing struggled with police officers. The court concluded the report bore "indicia of reliability" because it was digitally signed by the officers. Tr. Vol. II, p. 6. Ewing testified on his own behalf, presenting a contrary view of events. The court determined that Ewing committed both violations alleged by the State and sentenced Ewing to 847 days at DOC, to be followed by the probationary portion of his sentence. This appeal followed.

Ewing argues the court erred in admitting the police report into evidence, claiming it is unreliable hearsay and that he was deprived of his right to cross-examine the officers. When ruling on the admissibility of evidence, the trial court has broad discretion, which a reviewing court will disturb only where there is an abuse of that discretion. *Ackerman v. State*, 51 N.E.3d 171 (2016), *cert. denied*, 137 S. Ct. 475, 196 L. Ed. 2d 387 (2016). When a constitutional violation is alleged, the standard of review is de novo. *Id.*

In *Reyes v. State*, 868 N.E.2d 438 (Ind. 2007), the Indiana Supreme Court noted that although the Due Process Clause applies to probation revocation proceedings, offenders do not receive the same constitutional rights that defendants receive at trial. For example, the Indiana Rules of Evidence do not apply in probation proceedings. Ind. Rule of Evidence 101(d)(2). Courts may admit evidence during revocation hearings that would not be permitted in a criminal trial. A court may admit hearsay evidence if "it has a substantial guarantee of trustworthiness." *Reyes*, 868 N.E.2d at 441. The Supreme Court has applied this standard in proceedings to revoke a term in community corrections. *See Smith v. State*, 971 N.E.2d 86 (Ind. 2012).

In *Whatley v. State*, 847 N.E.2d 1007 (Ind. Ct. App. 2006), the State sought to revoke Whatley's probation, alleging he had committed a new offense. During an evidentiary hearing, the State asked the court to take judicial notice of a probable cause affidavit that was filed in the new criminal case, and the court granted the request. On appeal, Whatley argued the affidavit was inadmissible

because it lacked sufficient guarantees of reliability. The Court disagreed, concluding it was prepared by the arresting officer and signed under oath.[1]

[8] In this case, the police report includes the date and time of the incident and a description of Ewing. Two officers, Cunningham and Henninger, described their interactions with Ewing in detail and electronically signed their statements. Cunningham provided the following verification: "I . . . swear and affirm under the pains and penalties of perjury, as specified by Indiana Code 35-44.1-2-1 that the above and foregoing representations are true and accurate to the best of my knowledge and belief." Tr. Vol. III, State's Ex. 1, p. 5. Henninger provided a similar verification.

[9] We conclude the trial court appropriately found the hearsay police report to have a substantial guarantee of trustworthiness because the arresting officers prepared it and signed it under penalties of perjury. The report resembles the probable cause affidavit that was deemed admissible in *Whatley*.

[10] Ewing cites several cases in support of his claim, but they are factually dissimilar. In *Baxter v. State*, 774 N.E.2d 1037 (Ind. Ct. App. 2002), *trans. denied*, a panel of the Court determined an unverified, unsigned police report lacked substantial guarantees of reliability. By contrast, in the current case the police officers signed the report under penalties of perjury.

---

[1] By contrast, in *Robinson v. State*, 955 N.E.2d 228, 233 (Ind. Ct. App. 2011), this Court held it error to rely on an affidavit "full of hearsay within hearsay within hearsay."

[11]     In *Figures v. State*, 920 N.E.2d 267 (Ind. Ct. App. 2010), a court accepted a probable cause affidavit in a probation revocation matter even though the criminal case which followed the affidavit had been dismissed prior to the hearing in the revocation. A panel of this Court determined the hearsay affidavit was unreliable. In this case, Ewing's new criminal charge remained pending at the time of his community corrections revocation hearing. *Figures* is thus distinguishable, and we conclude the court correctly determined the signed, verified police report has substantial guarantees of reliability.

[12]     The State argues in the alternative there is sufficient evidence to support the trial court's determination that Ewing failed to report to the community justice center as required by the terms of his placement.[2] We need not address this claim because we have determined the trial court properly admitted the report. In addition, Ewing expressly disclaims any challenge to the sufficiency of the evidence supporting the trial court's ruling. Appellant's Br. p. 18.

[13]     For the reasons stated above, we affirm the judgment of the trial court.

[14]     Affirmed.

Kirsch, J., and Mathias, J., concur.

---

[2] Ewing testified during the sanctions portion of the evidentiary hearing that he did not report to community corrections because he was incarcerated on a Hamilton County case at the time. He later began serving a sentence on work release from Hamilton County, and he believed he needed to finish his sentence there before addressing this case.